KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID HIGGINS, JOHNNA VOSSELLER, TANNER McCLURE, DEAN HICKLIN and JAKE RIFFEL, <br><br> Plaintiffs, <br><br> v. <br><br> REV GROUP, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. _____ |

## COMPLAINT

Plaintiffs David Higgins ("David"), Johnna Vosseller ("Johnna"), Tanner McClure ("Tanner"), Dean Hicklin ("Dean") and Jake Riffel ("Jake") (collectively "Former Employees"), for their cause of action against Defendant, REV Group, Inc. ("REV"), state and allege as follows:

**Parties**

1. The Former Employees are all currently residents and citizens of the State of Kansas.

2. REV is a Delaware corporation and its principal office is believed to be located at 111 East Kilbourn Avenue, Suite 2600, Milwaukee, WI 53202. REV can be served with process

by service on it registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**Jurisdiction**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 because the amount in controversy exceeds $75,000 and is between citizens of different States.

**Venue**

4. Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5. REV was previously the owner of the El Dorado Bus manufacturing facility ("El Dorado") located in Salina, Kansas.

6. REV sold El Dorado to Forest River, Inc. ("Forest River") effective May 7, 2020.

7. The Former Employees were members of REV's management team prior to the sale of the former El Dorado bus facilities to Forest River. David was a vice-president and general manager of the Salina, Kansas location. Johnna was a Certified Public Accountant and accounting manager. Dean was Director of Operations for REV. Jake was the Engineering Manager and Tanner was a Value Stream Manager for the company.

8. While employed by REV, the Former Employees participated in the REV Group Management Incentive Plan ("MIP"), which provided a bonus based on a number of factors. The MIP was paid on a fiscal year basis, with the current fiscal year beginning on November 1, 2019.

9. In addition to the MIP, one or more of the Former Employees were also asked to

sign a Special Project Confidentiality Acknowledgment ("Confidentiality Agreement") in connection with the prospective sale to Forest River. The Confidentiality Agreement prohibited them from disclosing certain information in consideration for a "success bonus" related to this "business opportunity."

10. At no time did the Former Employees agree to waive their MIP bonus and the Confidentiality Agreement makes no mention of the success bonus being in lieu of or in replacement of the MIP bonus.

11. After the sale of El Dorado to Forest River was concluded, the Former Employees were terminated and, for the first time, advised that the success bonus was in lieu of the MIP bonus and they would not be receive the MIP bonus that had been earned for the current fiscal year.

12. In addition to the success bonus, the Former Employees are also entitled to their respective MIP bonuses for November 1, 2019 through April 30, 2020.

13. REV's position is inconsistent with the documentation signed by the Former Employees, and also makes the consideration paid for the Confidentiality Agreement illusory.

14. In addition to the unpaid MIP bonus, REV had a policy giving rise to an actual or implied contract of employment that employees would be offered 6 months of severance pay upon termination of employment, so long as the termination was not due to cause on the part of the employee.

15. REV is also indebted to Tanner for reimbursement of college tuition paid by him with the understanding that he would be reimbursed by REV pursuant to its tuition reimbursement program.

**Theories of Recovery**

## COUNT I
## BREACH OF CONTRACT

16.     The Former Employees reallege and incorporate herein the allegations contained in paragraphs 1 through 15 above.

17.     REV is in breach of its contracts with the Former Employees, who are entitled to payment of their earned MIP bonuses, 6 month severance payments and Tanner's tuition reimbursement.

## COUNT II
## KANSAS WAGE PAYMENT ACT

18.     The Former Employees reallege and incorporate herein the allegations contained in paragraphs 1 through 17 above.

19.     The Former Employees have a claim against REV under the Kansas Wage Payment Act ("WPA"), codified at K.S.A. 44-313 *et seq*.  Under the WPA, they are entitled to recover their unpaid wages plus a penalty of 1% per day up to 100% until the wages are paid to the employee.

WHEREFORE, David, Johnna, Dean, Jake and Tanner respectfully request that the Court enter judgment in their favor and against REV in an amount in excess of $75,000.00; that the costs of this action be assessed against REV; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,


 /s/ Larry G. Michel
Larry G. Michel   #014067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFFS


### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

 /s/ Larry G. Michel
Larry G. Michel


### DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan.Rule 40.2, Plaintiffs designate Wichita, Kansas as the place of Trial.

 /s/ Larry G. Michel
Larry G. Michel